UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA LYNN STAUFFER,

    Plaintiff,

v.                                                                       Hon. Sally J. Berens

COMMISSIONER OF                                  Case No. 1:22-cv-917
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed applications for DIB and SSI on March 11, 2020, alleging that she became disabled as of January 29, 2019, due to lumbar and cervical spinal stenosis, scoliosis, herniated disc, arthritis, sciatica, muscle spasms, imbalance, pain, and anxiety. (PageID.136, 143, 287–89, 291–92.) Plaintiff was age 58 at the time of her alleged onset date. (PageID.153.) She had completed high school and two years of college and had past work as a sales representative of food products, an accounts receivables clerk, a clerical worker, and a waiter. (PageID.84, 335.)

Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

ALJ David Read conducted a hearing by telephone on April 25, 2022, and received testimony from Plaintiff and Deana M. Olah, an impartial vocational expert (VE). (PageID.92–133.) On May 6, 2022, the ALJ issued a written decision finding that Plaintiff was not disabled from her alleged onset date through the date of the decision. (PageID.75–86.) The Appeals Council denied Plaintiff's request for review on August 1, 2022 (PageID.62–64), making ALJ Read's May 6, 2022 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this action for judicial review on October 5, 2022.

## Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff met the insured status requirements of the Act through March 31, 2025, and had not engaged in substantial gainful activity since her alleged onset date of January 29, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spines; and (2) lumbar scoliosis. (PageID.77–78.) The ALJ determined that Plaintiff's left shoulder pain and mental impairments of anxiety and adjustment disorders were non-severe impairments. (PageID.78.) In assessing whether Plaintiff's mental impairments were severe, the ALJ considered the "paragraph B" criteria that address four broad areas of mental functioning. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff was mildly limited in all four areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) and adapting or managing oneself. (PageID.78–79.) The ALJ thus

concluded that Plaintiff's mental impairments were non-severe. (PageID.78 (citing 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1)).)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.80.) The ALJ then determined that Plaintiff retained the capacity to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following limitations:

> [T]he claimant has a sit and stand option with changes of position at intervals as short as after one hour sitting or 15 minutes standing; standing for two hours, walking for two hours, and push and pull as much as can lift and carry. Occasionally reaching overhead to the left and the right. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, and crawl occasionally. The claimant can never work at unprotected heights. In addition to normal breaks, the claimant can be off task less than 10% percent of time in an eight-hour workday.

(PageID.80.)

At step four, the ALJ determined that Plaintiff could not perform any of her past relevant work. (PageID.84.) At step five, however, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, Appointment Clerk and Checker II, totaling 955,000 jobs. (PageID.55.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant' ").

**Discussion**

Plaintiff raises three errors on appeal: (1) the ALJ committed reversible error because he did not have substantial evidence to support his RFC determination for Plaintiff; (2) the ALJ committed reversible error by failing to consider all of Plaintiff's severe impairments; and (3) the

ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating nurse practitioner. (ECF No. 17 at PageID.1094.)

**I.      RFC Determination**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012). However, it is the claimant's burden to prove her impairments. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (noting that the burden of proof lies with the claimant at steps one through four of the sequential evaluation process and that "it is not unfair to require a claimant to prove the extent of his impairments") (citing *Bowen*, 482 U.S. at 146 n. 5).

In spite of its breadth, Plaintiff limits the argument to two discrete aspects of the RFC. First, Plaintiff contends that the RFC is defective because the ALJ limited Plaintiff to "push[ing] and pull[ing] as much as [she] can lift and carry," without specifying a weight limit for Plaintiff. As Defendant notes, however, the ALJ limited Plaintiff to sedentary work, which the pertinent regulations define as "work involv[ing] lifting no more than 10 pounds at a time." 20 C.F.R. §§

6

404.1567(a), 416.967(a). Thus, the sedentary work limitation itself provides its own defined weight limitation without need for more specification.

Next, Plaintiff contends that the ALJ limited Plaintiff to never stooping—a limitation that, according to SSR 96-9p, would significantly erode the unskilled sedentary occupational base and usually require a finding that the claimant is disabled. The problem with this argument is that it assumes that the ALJ limited Plaintiff to never stooping, when the language of the RFC itself indicates that the ALJ found that Plaintiff could stoop occasionally. The particular sentence states: "The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, and crawl occasionally." (PageID.80.) A commonsense reading of the sentence indicates that the ALJ grouped postural activities as follows: (1) occasionally climb ramps and stairs; (2) never climb ladders, ropes, or scaffolds; and (3) occasionally balance, stoop, kneel, crouch, and crawl. Reading the decision as a whole, as a reviewing court is permitted to do, *see Rice v. Barnhart*, 384 F.3ed 363, 370 n.5 (7th Cir. 2004), confirms this interpretation. In particular, the ALJ found the State Agency physical assessment consultants' opinions—specifying that Plaintiff should never climb ladders, ropes, or scaffolds and could occasionally perform the remaining postural activities—"generally consistent with the medical evidence and the record overall." (PageID.82.) Finally, even if Plaintiff's questionable reading is correct, any error is harmless as neither of the positions the VE identified at step five involves stooping. *See Dictionary of Occupational Titles*, DOT 237.367-010, 1991 WL 672185 (appointment clerk); DOT 209.687-010, 1991 WL 671809 (checker II).

Accordingly, this argument lacks merit.

7

## II. Plaintiff's Mental Impairments

Plaintiff's second argument is that the ALJ erred by failing to consider all of her severe impairments in formulating the RFC. The crux of the argument is that Plaintiff's mental impairments were severe and required additional nonexertional limitations. As previously noted, the ALJ found the mental impairments non-severe at step two. Moreover, as Plaintiff acknowledges, the ALJ did include a nonexertional time-off-task limitation to accommodate Plaintiff's mild limitations in concentrating, persisting, or maintaining pace.

The substance of this argument appears to be that the ALJ erred in finding Plaintiff's mental impairments non-severe at step two. A "severe impairment" is defined as an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.920(c); *see also* 20 C.F.R. § 20 C.F.R. §§ 404.1522(a), 416.922(a). An impairment is considered non-severe "only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'" *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). A claimant bears the burden of proving that an impairment is severe. *See Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 802 (6th Cir. 2012).

Upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. As the Sixth Circuit explained in *Hedges v. Commissioner of Social Security*, 725 F. App'x 394 (6th Cir. 2018):

8

> Though the ALJ concluded that Hedges did not have any severe mental-health impairments, the ALJ did find that Hedges suffered from four severe physical impairments. And once an ALJ finds that a claimant has at least one severe impairment at step two of the disability analysis, the ALJ must then "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe" in evaluating the claimant's ability to work in step four. 20 C.F.R. § 404.1545(e) (emphasis added). That is what the ALJ did here. So whether the ALJ characterized Hedges' mental-health impairments as severe or non-severe at step two is "legally irrelevant" and does not amount to error.

*Id.* at 395 (quoting *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)). Because the ALJ found that Plaintiff suffered from several physical impairments, Plaintiff fails to demonstrate error at step two. Moreover, the ALJ's RFC reflects that he considered all of Plaintiff's medically determinable impairments, including her non-severe mental impairments, at subsequent steps in the sequential evaluation process.

The ALJ's step two discussion also shows that he properly complied with agency regulations and rulings in determining the extent to which mental limitations were appropriate. 20 C.F.R. §§ 404.1529(c) and 416.929(c); *see also* SSR 16-3p. For example, the ALJ considered Plaintiff's testimony about forgetting things more often and experiencing crying spells with anxiety. (PageID.78.) He also considered Plaintiff's reported activities of preparing meals, shopping in stores and by computer, handling her own financial matters, and socializing with others in person, on the phone, and by text. (*Id.*) In addition, the ALJ cited progress notes from November 2020, February 2021, June 2021, and July 2021, all of which indicated that Plaintiff exhibited normal mood, behavior, thought content, and judgment. (PageID.79 (citing PageID.691, 698, 908, and 980).) The ALJ also noted, contrary to Plaintiff's assertion, testimony from Plaintiff's treating nurse practitioner, Amy Babcock, that she had treated Plaintiff for some anxiety with medication. (*Id.* (citing PageID.1061).)

The ALJ also considered the opinion evidence in accordance with the applicable regulations, 20 C.F.R. §§ 404.1520c and 416.920c. This evidence included December 2020 and

9

November 2021 mental status examinations and opinions by psychological consultative examiner, Timothy Strang, Ph.D., and the December 2020 and November 2021 prior administrative findings from State Agency psychological consultants George Starrett, Ed.D., and Robert Gerl, Ph.D., who found that Plaintiff had none to mild limitations with her mental functioning. (*Id.*)

Summarizing Dr. Strang's mental status findings, the ALJ noted that Plaintiff had contact with reality, was cooperative and pleasant, had ordered and rational thoughts and no psychiatric delusions or hallucinations, was generally stable with few episodes of emotionality, and was oriented with adequate memory and normal abstract thinking and judgment. Plaintiff was not taking any psychotropic medication and was not participating in any type of mental health treatment. (*Id.*) Dr. Strang opined that Plaintiff had moderate limitations with concentration, division of attention, and ability to complete tasks without becoming distracted, as well as moderate limitations with social interaction. He opined that Plaintiff had no limitations with her ability to retain and recall information and no limitations with self-management.

The ALJ found Dr. Strang's moderate limitations unpersuasive, as they were inconsistent with the medical evidence and record overall, which showed that Plaintiff generally had normal mental status examinations with no significant treatment and no issues with mental functioning. The ALJ also found that Dr. Strang's moderate limitations were not supported by his own objective examination findings, but instead appeared to rely heavily on Plaintiff's subjective reports. (*Id.*) In contrast, the ALJ found the opinions of the State Agency consultants persuasive because they were consistent with the overall record demonstrating no severe mental limitations. (*Id.*)

Plaintiff contends that the ALJ erred in evaluating the mental functioning opinion evidence by relying on the opinions of the State Agency examiners and rejecting Dr. Strang's moderate limitations, but Plaintiff fails to demonstrate error. In finding the State Agency consultants' opinions persuasive, and Dr. Strang's moderate limitations unpersuasive, the ALJ properly relied on Plaintiff's mostly normal mental status examinations. *See Mason v. Comm'r of Soc. Sec.*, No. 17-2407, 2018 WL 6133750, at *1 (6th Cir. Apr. 30, 2018) ("relatively normal" mental status examinations, among other considerations, were a proper basis to discount the treating psychiatrist's opinion); *O'Connell v. Comm'r of Soc. Sec.*, No. 16-1392, 2017 WL 4570466, at *2 (6th Cir. Feb. 27, 2017) (same). The ALJ also properly considered the lack of any significant psychiatric treatment as another factor in finding the moderate limitations unpersuasive. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 932 (6th Cir. 2007) ("The ALJ properly considered as relevant the fact that [the claimant's] medical records did not indicate that [claimant] received significant treatment . . . during the relevant time period."); *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 743–44 (E.D. Mich. 2015) (finding no error where the ALJ relied on the fact that the plaintiff "never sought or received formal mental health treatment" and that no physician had referred the plaintiff to a mental health specialist for treatment).[2] Moreover, contrary to Plaintiff's argument, the ALJ was entitled to consider whether Dr. Strang's limitations were based on Plaintiff's subjective reports, rather than objective findings. *See Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005) ("There is no indication that Dr. McFadden's opinion was supported by anything other than Bell's self-reports of his symptoms. Such reports alone cannot support a finding of impairment."). Finally, Plaintiff

---

[2] Plaintiff does not argue, and nothing in the record suggests, that Plaintiff's mental impairments contributed to her lack of treatment or that some other factor prevented her from receiving treatment.

11

contends that the ALJ failed to mention that her preoperative report mentioned her anxiety. This argument provides no basis for remand, as "[a]n ALJ need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004).

In sum, Plaintiff fails to meet her step-two burden of showing that her mental impairments were severe, as well as her burden of showing that the ALJ should have articulated a more limited RFC. *Her*, 203 F.3d at 391.

### III. Opinion of Amy Babcock, N.P.

Last, Plaintiff argues that the ALJ failed to give proper "credit" to the opinions of Plaintiff's treating nurse practitioner, Ms. Babcock. Plaintiff asserts, among other things, that the ALJ failed to address Ms. Babcock's opinions about Plaintiff's ability to perform substantial gainful activity (SGA) and failed to give "good reasons" for not giving weight to Ms. Babcock's opinions. (ECF No. 17 at PageID.1097.)

The ALJ properly evaluated the medical opinions pursuant to the regulation set forth 20 C.F.R. §§ 404.1520c and 416.920c because that regulation governs Plaintiff's claim for benefits. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of these factors

12

only with regard to supportability and consistency. 20 C.F.R. §§ 404.l520c(b)(2) and (3), 416.920c(b)(2) and (3). The treating physician rule no longer applies. *See*, *e.g.*, *Chasidy M. v. Comm'r of Soc. Sec.*, No. 2:21-cv-4679, 2022 WL 2712216, at *6 (S.D. Ohio July 13, 2022), *report and recommendation adopted*, 2022 WL 4540949 (S.D. Ohio Sept. 28, 2022) ("These new regulations eliminate the 'treating physician rule' and deference to treating source opinions, including the 'good reasons' requirement for the weight afforded to such opinions."); *Pinnell v. Comm'r of Soc. Sec.*, No. 1:20-cv-727, 2022 WL 765488, at *3 (W.D. Mich. Mar. 14, 2022) ("The ALJ did not evaluate her claim under [the treating physician] rule, which applies to opinion evidence for claims filed before March 27, 2017."). Although Plaintiff argues to the contrary, she cites no case supporting her contention.

Under the new regulation, statements reserved to the Commissioner, such as whether the claimant is disabled, are "inherently neither valuable nor persuasive." 20 C.F.R. §§ 404.1520b(c) and 416.920b(c)(3). Thus, the ALJ was not required to provide any analysis of Ms. Babcock's statement about Plaintiff's abilities to perform SGA. 20 C.F.R. §§ 404.1520b(c) and 416.920b(c). Otherwise, the Court's review of the ALJ's analysis of Ms. Babcock's opinion discloses no error in applying the regulation.

Because Plaintiff offers no argument that the ALJ erred in applying the relevant standard, this claim of error lacks merit.

**Conclusion**

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.


Dated: June 12, 2023                              /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge